**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**LINLIN ZHANG**,

                        **Plaintiff**

               v.                       **CIVIL ACTION NO. _____**

**U.S. CITIZENSHIP AND IMMIGRATION**      **JURY TRIAL** ☐ ~~Yes~~ **x** **No**
**SERVICES (USCIS)**; **TRACY RENAUD**,
Senior Official Performing the Duties of the Director,
**USCIS**, in her official capacity; **ALEJANDRO
MAYORKAS, SECRETARY, U.S. DEPT. OF
HOMELAND SECURITY**, in his official capacity;
**GREGORY A. RICHARDSON**, Director of the
Texas Service Center of **USCIS**, in his official capacity.

                        **Defendants**
-------------------------------------------------------------------X

## PLAINTIFF'S COMPLAINT FOR WRIT OF MANDAMUS

1. The plaintiff, **LINLIN ZHANG**, by her attorney, requests issuance of a writ of mandamus or in the nature of mandamus and/or an order to compel under the Administrative Procedure Act ("APA") ordering defendants to adjudicate plaintiff's **Form I-730**, **Refugee/Asylee Relative Petition**, which was received and has been pending as of **November 23, 2018** (the "Asylee Relative Petition"), and which has still not been adjudicated for **over two and a half years**.

2. As a signatory to the 1967 Protocol Relating to Status of Refugees, it is the mandate of the U.S. to provide individuals who come to her shores, having fled persecution and/or having a well-founded fear of the same in their homelands, the opportunity to apply for asylum pursuant to Immigration and Nationality Act ("I.N.A.") § 208.

3. Asylum is a remedy afforded pursuant to I.N.A. § 208 for individuals seeking relief in the U.S. due to a well-founded fear of persecution in their country of nationality or last habitual residence on account of their race, religion, nationality, political opinion, or membership in a particular social group.

4. Congress enacted the follow-to-join statute as part of the Refugee Act of 1980.  *See* Pub. L. No. 96-212, 94 Stat. 102, 103 (1980).

5. The follow-to-join statute provides for the right of admission to the U.S. of spouses and unmarried children of asylees and refugees who have met the eligibility requirements and are not otherwise inadmissible.

6. Individuals who are granted asylum—asylees—have the right to petition for their spouse and children under certain circumstances, pursuant to I.N.A. § 208(b)(3).

7. The follow-to-join statute bears Congressional imprimatur as to the importance of family reunification in the sphere of U.S. immigration law pertaining to asylees and refugees.

8. In this case, the plaintiff, **LINLIN ZHANG**, was granted asylum pursuant to I.N.A. § 208 on November 13, 2018.  A redacted copy of the decision of the Executive Office for Immigration Review by which Mrs. **ZHANG** was granted asylum in the U.S. pursuant to I.N.A. § 208 is attached hereto as **Exhibit A**.

9. **LINLIN ZHANG** filed the I-730 petition with United States Citizenship and Immigration Services ("**USCIS**"), which is the subject of this action, on behalf of her spouse, **CHAO WANG**, on November 23, 2018, and still awaits adjudication of the same petition.  A redacted copy of said I-730 petition is attached hereto as **Exhibit B**.  A copy of the receipt issued by **USCIS** indicating receipt and filing of said I-730 petition is attached hereto as **Exhibit C**.  Two transfer notices issued by USCIS are collectively attached hereto as

**Exhibit D**.  A copy of a current printout from the website maintained by USCIS, attached hereto as **Exhibit E**, indicates that the petition is still pending.

I.  **JURISDICTION**

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (Mandamus Act). This Court has additional remedial authority under 28 U.S.C. §§ 2201-02 (Declaratory Judgment Act).

11. This is a civil action brought pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, and 28 U.S.C. § 1651. The plaintiff respectfully requests that this court compel the defendants, officers of the United States to perform a duty owed under I.N.A. § 208(b)(3).

*12.* Jurisdiction is also established on this Court pursuant to 5 U.S.C. § 704 as plaintiff is aggrieved by adverse agency action which this Court is authorized to remedy as established in the Administrative Procedures Act, 5 U.S.C. §§ 702 *et seq*.

13. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§ 2201-02 which authorizes the issuance a declaratory judgment.

14. Costs and fees are sought pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(2), et seq.

15. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Code of Federal Regulations makes it clear that **USCIS** has a mandatory and affirmative duty to adjudicate a properly filed I-730 application.

16. The APA also requires **USCIS** to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) (providing that "[w]ith the regard for the convenience and necessity of the parties

or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it"). If the agency fails to render a decision within a reasonable time, the Court has power under 5 U.S.C. § 706(1) to compel the agency to do so. 5 U.S.C. § 706(1) ( conferring power on the U.S. District Courts to compel agencies to perform "action unlawfully withheld or unreasonably delayed"). As set forth below, the delay of **more than two and a half years**, in light of Mrs. **LINLIN ZHANG**'s circumstances, in processing the plaintiff's I-730 application, is unreasonable.

## II. VENUE

17. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(e)(1). Plaintiffs reside in the county of Queens, state of New York, which is within the Eastern District of New York.

18. Each Defendant is an agency of the United States or an officer of the United States sued in his official capacity.

19. No real property is involved in this action.

## III. PARTIES

20. At all times hereinafter mentioned, plaintiff **LINLIN ZHANG** is a natural person over the age of eighteen and an individual who at all times relevant hereto was and continues to be a resident of the City of New York, County of Queens, State of New York, namely at 144-31 41st Avenue, Apt. 1J. Flushing, New York 11355.

21. The plaintiff **LINLIN ZHANG** is a native and citizen of the People's Republic of China ("China").

22. Having been granted asylum on November 13, 2018, Plaintiff, **LINLIN ZHANG** filed an I-730, Refugee/Asylee Petition on behalf of her husband, **CHAO WANG**, on November 23, 2018. *See* **Exhibit B**.

23. **USCIS**, is the defendant Agency charged with adjudicating Refugee/Asylee Relative Petitions and has a duty to adjudicate plaintiff's Asylee Petition on behalf of her spouse, **CHAO WANG**.

24. Defendant **TRACY RENAUD** is the Senior Official Performing the Duties of the Director of **USCIS**, the federal agency with a direct authority and responsibility to adjudicate and process plaintiff's Asylum Application. **TRACY RENAUD** is named in her official capacity.

25. Defendant **TRACY RENAUD**, in her official capacity, maintains an address and place of business at **USCIS**, Office of the Chief Counsel, 20 Massachusetts Ave., NW, Room 4210, Washington, D.C. 20529.

26. Defendant **ALEJANDRO MAYORKAS** is the Secretary of the U.S. Dept. of Homeland Security, which is the agency, of which **USCIS** is a part. **ALEJANDRO MAYORKAS** is named in his official capacity.

27. Defendant **ALEJANDRO MAYORKAS**, in his official capacity, maintains an address and place of business at U.S. Dept. of Homeland Security, Office of the General Counsel, 245 Murray Lane, S.W., Mail Stop 0485, Washington, D.C. 20528-0485.

28. Defendant **GREGORY A. RICHARDSON** is the Director of the Texas Service Center of USCIS, the Service Center, the branch of USCIS which is charged with adjudication of the Asylee Relative Petition which is the subject of the instant action. Defendant **GREGORY A. RICHARDSON** is named in his official capacity.

29. Defendant **GREGORY A. RICHARDSON**, in his official capacity, maintains an address and place of business at 4141 N. St. Augustine Rd., Dallas, Texas 75227.

## IV. ADMINISTRATIVE PROCEDURE ACT FRAMEWORK

30. Under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), the Court is authorized to compel agency action which has been unreasonably delayed.

31. Assessing reasonableness is frequently found to involve a balancing test, in which a statutory requirement is a very substantial factor. *See Telecommunications Research & Action Ctr. v. FCC,* 750 F.2d, 70, 77-78 (D.C. Cir. 1984).

32. The APA also provides pursuant to 5 U.S.C. § 706(1) that courts "shall compel agency action unlawfully withheld." Courts have held that this provision eliminates court discretion to grant relief once an agency has violated a statutory deadline as is the situation here. *See Forrest Guardians v. Babbit,* 174 F.3d 1178 (10th Cir. 1999); *see also Biodiversity Legal Foundation v. Badgley,* 309 F.3d 1166, 1178 (9th Cir. 2002).

33. The following six-factor test relative to a claim such as Mrs. Zhang's pursuant to the Administrative Procedures Act was promulgated in Telecommunications Research & Action v. F.C.C. 750 F.2d 70, 79 (D.C. 1984):  (1) the time agencies take to make decisions must be governed by a 'rule of reason;' (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for the rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the

court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'

34. Plaintiff **LINLIN ZHANG** has statutory right to file an Asylee Relative Petition on behalf of her spouse, **CHAO WANG**, pursuant to I.N.A. § 208(b)(3).

35. Plaintiff has no adequate remedy at law, and will suffer irreparable harm if her Asylee Relative Petition is not promptly adjudicated.

## V. MANDAMUS FRAMEWORK

36. Plaintiff **LINLIN ZHANG** has a statutory right to file an Asylee Relative Petition pursuant to I.N.A. § 208(b)(3).

37. Plaintiff **LINLIN ZHANG** has no adequate remedy at law, and will suffer irreparable harm if his Asylum Application is not promptly adjudicated.

38. Pursuant to 28 U.S.C. § 1361, this Court has "original jurisdiction in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [Plaintiff.]"

39. Pursuant to 28 U.S.C. § 1651, this Court may issue any and all "writs necessary or appropriate in aid of [the Court's] respective jurisdiction and agreeable to the usages and principles of law."

## VI. FACTUAL ALLEGATIONS

40. On or about **November 23, 2018** plaintiff **LINLIN ZHANG** properly filed an Asylee Relative Petition, Form I-730 (I-730 application) and received by the defendant, U.S Citizenship and Immigration Services (USCIS) on or about **November 23, 2018**. *See* **Exhibit B**.

41. A copy of the receipt issued by **USCIS** indicating receipt and filing of said I-730 petition is attached hereto as **Exhibit C**.  Two transfer notices issued by USCIS are collectively attached hereto as **Exhibit D**.  A copy of a current printout from the website maintained by USCIS, attached hereto as **Exhibit E**, indicates that the petition is still pending.

42. Prior to bring the instant action, plaintiff, Mrs. **ZHANG**, has worked diligently on her own and through current counsel to try to resolve this matter without resorting to litigation.  Mrs. Zhang engaged the office of Congresswoman Grace Meng of the Sixth District of New York for assistance.  Grace Meng's office has also contacted USCIS and received the following response in November 2020, a copy of which is attached hereto as **Exhibit F**.  A copy of the most receipt inquiry I have submitted to USCIS is attached hereto as **Exhibit G**.  Moreover, I have sent the letter attached hereto as **Exhibit H** to the Director of the Texas Service Center of **USCIS.**

43. Nonetheless, the application has been currently pending for almost three years.  Despite due demand for the prompt adjudication of the petition, **USCIS** has not done so.

44. It is due to this extraordinary confluence of circumstances that plaintiff requests issuance of a writ of mandamus or in the nature of mandamus and/or an order to compel under the Administrative Procedure Act ("APA") ordering defendants to adjudicate plaintiff's Form 1-730, Refugee/Asylee Petition which was received and pending as of on or about **November 23, 2018** (the "Asylee Relative Petition") and which has still not been adjudicated for **more than two and a half years**.

45. This delay is causing irreparable harm to plaintiff.  While the petition is pending, the lives of Mrs. Linlin Zhang and Mr. Chao Wang, hang by a thread.  Mr. Wang cannot obtain an employment authorization document from USCIS and therefore, he cannot work legally in

the U.S. He is without health insurance whereas he is in desperate need of medical and dental care. In his native Shandong Province in China, Mr. Wang worked as an electrician, but cannot currently pursue his trade in the U.S. Mrs. Zhang and Mr. Wang have difficulties meeting their expenses and their hope of extending their family by having children together is deferred, particularly in light of the persecution to which Mrs. Zhang was subjected to China pursuant to its Coercive Population Control Policy. They cannot make provisions for a newborn child until Mr. Wang is able to pursue employment in the U.S. *See* **Exhibit H**.

46. Defendants' delay, actions, and omissions in this case are unreasonable.

47. The duty owed to plaintiff is ministerial and so plainly prescribed as to be free from doubt.

48. No other adequate remedy is available

49. Plaintiff has been damaged by the failure of defendants to act in accord with their duties under the law.

**COUNT ONE:**
**(ADMINISTRATIVE PROCEDURES ACT)**

50. Plaintiff repeats and realleges paragraphs 1 through 49 as if fully set forth herein and incorporates them by reference.

51. Defendants have unreasonably delayed adjudication of plaintiff's Asylee Relative Petition.

52. No adequate remedy exists at law.

53. Plaintiff will suffer and is suffering irreparable harm from the delay in adjudicating his case.

54. This delay is unreasonable and leaves plaintiff without an adequate remedy.

55. The facts presented by Mrs. **LINLIN ZHANG** merit relief under the balancing test established in *Telecommunications Research & Action Ctr. v. FCC,* 750 F.2d, 70, 77-78

(D.C. Cir. 1984) because the health and welfare of Mrs. **LINLIN ZHANG** and her family are compromised because Mr. **WANG** cannot pursue employment in the U.S. and they have difficulties supporting their existing family. Moreover, their inability to have additional children in the U.S. thwarts the purpose of Mrs. **ZHANG**'s asylum grant which was to provide her with refuge in the U.S. to restart her life as a result of the persecution she suffered in China on account of the Coercive Population Control Policy.

56. Having diligently followed the procedures set forth by Defendants and exhausted all administrative remedies by contacting the **USCIS** in writing on numerous occasions (*see* **Exhibits F-H**), plaintiff seeks a court order compelling defendants to promptly adjudicate her I-730 Asylee Relative Petition pursuant to 5 U.S.C. § 706(1).

## COUNT TWO:
## (MANDAMUS)

57. Plaintiff repeats and realleges paragraphs 1 through 56 as if fully set forth herein and incorporates them by reference.

58. Pursuant to 28 U.S.C. § 1361, this Court may compel an officer or employee of the United States to perform a duty owed to the plaintiff. *See Burnett v. Tolson,* 474 F.2d 877, 880 (4th Cir. 1973).

59. Pursuant to 28 U.S.C. § 1651, this Court may issue any and all "writs necessary or appropriate in aid of [the Court's] respective jurisdiction and agreeable to the usages and principles of law."

60. Plaintiff **LINLIN ZHANG** has a right to file an Asylee Relative Petition and to receive a timely decision.

61. No adequate remedy exists at law, for the reasons set forth above. Furthermore, plaintiff will suffer irreparable harm from the delays in adjudicating their case.

62. This delay is unreasonable and leaves plaintiff without an adequate remedy.

63. Having diligently followed the procedures set forth by defendants and exhausted all administrative remedies, plaintiff seeks a writ of mandamus or in the nature of mandamus to end defendants' unreasonable delay and refusal to adjudicate plaintiff's Asylee Relative Petition.

## CERTIFICATION AND CLOSING

64. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## PRAYER FOR RELIEF

65. **WHEREFORE**, Plaintiffs respectfully requests the Court to:

    a. Accept jurisdiction and maintain continuing jurisdiction of this action;

    b. Declare defendants' actions in this matter as arbitrary and capricious, an abuse of discretion and not in accordance with the law pursuant to 5 U.S.C. § 706(1) and 28 U.S.C. §§ 2201-02;

    c. Issue a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling defendants to make a determination on plaintiff's I-730, Refugee/Asylee Petition;

    d. Issue a writ of mandamus or in the nature of mandamus, pursuant to 28 U.S.C. § 1361, 28 U.S.C. § 1651, and/or 5 U.S.C. § 706(1), compelling to defendants to make a determination on plaintiff's I-730, Asylee Relative Petition;

  e. Grant such other relief as the Court deems to be necessary and proper.

| | |
|---|---|
| Dated: Flushing, New York<br>September 13, 2021 | **THE KASEN LAW FIRM, PLLC**<br>*Attorneys for the Plaintiff* |
| | ___/S/ ALEKSANDER B. MILCH___<br>By: Aleksander B. Milch, Esq.<br>AM 6555<br>136-33 37th Avenue, #9B<br>Flushing, New York 11354<br>Tel. 718-337-8012<br>Fax 718-709-8850<br>E-Mail: aleksander@kasenlawfirm.com |

CIVIL ACTION NO.
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LINLIN ZHANG,

**Plaintiff**

v.

**U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS)**; **TRACY RENAUD**, Senior Official Performing the Duties of the Director, **USCIS**, in her official capacity; **ALEJANDRO MAYORKAS**, **SECRETARY, U.S. DEPT. OF HOMELAND SECURITY**, in his official capacity; **GREGORY A. RICHARDSON**, Director of the Texas Service Center of **USCIS**, in his official capacity.

**Defendants.**

**PLAINTIFF'S COMPLAINT**

Dated:  Flushing, New York                              /S/ ALEKSANDER B. MILCH
       September 13, 2021                              **Aleksander B. Milch, Esq., AM 6555**

**THE KASEN LAW FIRM, PLLC**
*Attorneys for the Plaintiff*
136-33 37th Avenue, #9B
Flushing, New York 11354
Tel: (718) 337-8012
Fax: (718) 709-8850
E-Mail: aleksander@kasenlawfirm.com